CHAUNCEY DEXTER and another, plaintiffs in error, vs. AMOS ADAMS, sheriff, &c., defendant in error.—*Judgment affirmed with double costs.* G. WHEATON, for plaintiffs in error; N. HILL, Jr., for defendant in error.

This was a question of the liability of a sheriff for an escape from the jail limits; where it appeared that the prisoner was induced to go off the limits by means of deception and misrepresentation, (a false message sent to him by an officer having an execution against him on another judgment.) (Reported, 2 Denio, 646.)

JOHN ROWLAND, plaintiff in error, vs. GEORGE K. FULLER, defendant in error.—*Judgment affirmed.* N. KING, for plaintiff in error; HENRY FULLER, for defendant in error.

This was a special demurrer to a declaration. The declaration was for injuries to the plaintiff's premises in plowing up and subverting the soil lying open in the highway opposite to and in front of his lots, &c. The declaration was very singularly drawn; it commenced in an action of *trespass,* the allegations of the injuries and the termination was in *case.* The demurrer was sustained. (Not reported.)

ERASTUS SPARROW, plaintiff in error, vs. ELIZABETH KINGMAN, defendant in error.—*Judgment reversed, with a venire de novo by the Supreme Court; costs to abide the event.* H. S. DODGE, for plaintiff in error; N. HILL, Jr., for defendant in error.

This was a case deciding that a *quit claim deed,* from the husband, did not estop his grantee, or one holding under him, from showing that the husband was not seized of such an estate as entitled his widow to dower. (Reported, 1 Comstock, 242.)

REUBEN MATTISON, plaintiff in error, vs. DANIEL BAUCUS, defendant in error.—*Judgment affirmed.* T. C. RIPLEY, for plaintiff in error; J. PIERSON, for defendant in error.

This was a question as to the interest of a mortgagor in personal property. That his interest, even before forfeiture, where he has not the right of possession for a definite period, is not the subject of levy and sale upon execution. (Reported, 1 Comstock 295.)

ROYAL VILAS and another, appellants, vs. TIMOTHY JONES and another, respondents.—*Decree affirmed.* SAMUEL STEVENS for appellants; JAMES EDWARDS for respondents.

This was a decision that a court of equity would not relieve a party, sureties, on a promissory note, after a judgment at law, in which they had failed to sustain the defence of usury. Also, whether a mere surety was a borrower within the meaning of the usury act of 1837.